PRATHER, Justice,
for the Court.
William H. Slaymaker, III, was convicted in the Circuit Court of Copiah County of vehicular homicide following a head-on collision which killed Clark E. Cloy. He was sentenced to serve five years in the custody of the Mississippi Department of Corrections, and his driving privileges were suspended for five years. Slaymaker contends that his sentence exceeded the maximum penalty provided by law. This Court affirms his conviction and the five year confinement, but reverses that portion of his sentence which suspends his driving privileges.
Appellant was convicted under Section 63-11-30(4), Mississippi Code of 1972 (Supp.1986), which provides:
Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another ... shall, upon conviction, be guilty of a felony and shall be committed to the custody of the state department of corrections for a period of time not to exceed five (5) years.
Following a conviction under the Implied Consent Law, Section 63-11-37 requires *922 “the trial judge ... to mail a copy of the abstract of the court record within five (5) days to the Commissioner of Public Safety.” Section 68-11-80 provides that the Commissioner of Public Safety or his duly authorized agent “shall, after conviction and upon receipt of the court abstract, suspend the driver’s license and driving privileges of such person” convicted under Section 63-11-30 for a period of time varying from 90 days to three years. The suspension of driving privileges is the exclusive province of the Commissioner of Public Safety. Nowhere does the Implied Consent Law provide for suspension of driving privileges by the trial judge or for a period of more than three years.
This Court holds that the trial judge acted without statutory authority in suspending Slaymaker’s driving privileges for five years and imposed a sentence exceeding the maximum penalty provided by law.
Therefore, this Court affirms Slaymaker’s conviction and sentence of five years in the Mississippi Department of Corrections, but reverses and renders the suspension of his driving privileges.
AFFIRMED IN PART AND REVERSED IN PART.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., not participating.